UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN JAMES O'DONNELL,

    Petitioner,                                     Case No. 2:19-CV-12837

v.                                        UNITED STATES DISTRICT COURT JUDGE
                                                GERSHWIN A. DRAIN

MICHELLE FLOYD,[1]

    Respondent,
_____/

**<u>OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS [1] WITHOUT PREJUDICE AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*</u>**

## I.    INTRODUCTION

Benjamin James O'Donnell ("Petitioner"), who is confined at the Cooper Street Correctional Facility in Jackson, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. In his *pro se* application, Petitioner seeks the restoration of disciplinary credits that he claims should be applied to his current sentence for armed robbery, Mich. Comp. Laws § 750.529; four counts of assault with intent to murder, Mich. Comp. Laws § 750.83; four

---

[1] The Court orders that the caption in this case be amended to reflect that the proper respondent in this case is now Michelle Floyd, the Acting Warden of the Cooper Street Correctional Facility. *See* Rule 2(a), 28 foll. U.S.C. § 2254; *see also Edwards v. Johns*, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006).

1

counts of felony-firearm, Mich. Comp. Laws § 750.227b, and one count of carrying a concealed weapon, Mich. Comp. Laws § 750.227.  Michelle Floyd ("Respondent") filed a Response to the petition on April 6, 2020.  ECF No. 7.  As part of her Response, she argues that the petition should be dismissed because Petitioner has yet to exhaust his claims in the state courts. For the reasons stated below, the application for a writ of habeas corpus is **SUMMARILY DISMISSED WITHOUT PREJUDICE.**

## II.   LAW & ANALYSIS

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b), (c); *see also Picard v. Connor*, 404 U. S. 270, 275–78 (1971).  Moreover, a prisoner who seeks the restoration of his or her good-time or disciplinary credits must first exhaust available state court remedies before seeking habeas relief.  *See Preiser v. Rodriguez*, 411 U.S. 475, 493 (1973).   Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F.3d 410, 415 (6th Cir. 2009).  Therefore, a federal court must review each claim for exhaustion before any claim may be reviewed on the merits.  *Id.*  Federal district courts must dismiss habeas petitions which contain unexhausted claims.  *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)

(citing *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)). A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002).

The exhaustion doctrine, in the context of habeas cases, turns upon an inquiry of whether there are available state court procedures for a habeas petitioner to exhaust his or her claims. *See Adams v. Holland,* 330 F.3d 398, 401 (6th Cir. 2003). Here, Petitioner admits on the face of his petition that his claims are unexhausted. However, he avers that he does not have an available remedy to exhaust his claims. The Court finds, for the reasons set forth below, that Petitioner does have an available state court remedy with which to exhaust his claims. The instant petition is therefore subject to dismissal.

Petitioner could seek the restoration of his disciplinary credits through a state habeas petition. Michigan courts have permitted challenges to the loss of good-time credits, which resulted from a prison misconduct conviction, to be brought in a state habeas corpus petition. *See In Re Walsh,* 49 N.W. 606 (Mich. 1891); *Butler v. Warden, Marquette Prison,* 298 N.W.2d 701 (Mich. Ct. App. 1980). A prisoner in Michigan may likewise file a state petition for writ of habeas corpus to raise a claim that the Michigan Department of Corrections does not have authority to continue his incarceration because he has completed his prison sentence. *See Cross v. Dep't of Corr.,* 303 N.W.2d 218 (Mich. Ct. App. 1981), *rev'd on other grounds*, 731 N.W.2d

3

29 (Mich. 2007). Michigan Court Rules 3.303 (A)(2) states that a habeas action must be brought in the county where the prisoner is detained. Although orders of denial in a state habeas corpus proceeding in Michigan are not appealable by right, these orders may be reviewed by filing an original complaint for a writ of habeas corpus in the Michigan Court of Appeals. *Triplett v. Deputy Warden,* 371 N.W.2d 862, 866 (Mich. Ct. App. 1985); *see also Parshay v. Buchkoe,* 186 N.W.2d 859, 860 (Mich. Ct. App. 1971). So long as the prisoner is in custody at the time when the judgment becomes effective, there is no time limitation for which a complaint for a writ of habeas corpus may be filed. *Triplett,* 371 N.W.2d at 865. The Michigan Supreme Court can review the Michigan Court of Appeals' denial of this petition once a prisoner files an application for leave to appeal. M.C.R. 7.303(B)(1); M.C.R. 7.305.

Here, until Petitioner presents his claim to all levels of the Michigan judicial system, his claim for restoration of good time credits cannot be considered by this Court in a habeas petition. *See Branham v. Koehler*, 888 F.2d 1391, 1989 WL 136116, at *2 (6th Cir. Mar. 13, 1989) (Table). Accordingly, the Court will summarily dismiss the petition for writ of habeas corpus without prejudice.

The Court will also deny a certificate of appealability to Petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this

4

denial, the petitioner is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *see also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

Here, the Court declines to issue a certificate of appealability because "jurists of reason" would not find it debatable whether this Court was correct in its

procedural ruling that Petitioner had failed to exhaust his claims. *See Colbert v. Tambi,* 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007). The Court will also deny petitioner leave to appeal *in forma pauperis* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

### III. ORDER

Accordingly, **IT IS ORDERED** that the Petition for a Writ of Habeas Corpus is **SUMMARILY DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner is **DENIED** leave to appeal *in forma pauperis.*

**SO ORDERED**.

Dated: July 10, 2020

/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Benjamin James O'Donnell, No. 241058, Cooper Street Correctional Facility, 3100 Cooper Street, Jackson, Michigan 49201 on
July 10, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk